```
                                        ___ FILED      ___ ENTERED
IN THE UNITED STATES DISTRICT COURT     ___ LODGED     _✓_ RECEIVED
FOR THE NORTHERN DISTRICT OF MARYLAND
                                            APR - 2 2015
```

```
DAVID ELLERBY,                    o       CLERK U.S. DISTRICT COURT
     Petitioner                   o         DISTRICT OF MARYLAND
                                  o     BY                    DEPUTY
                                  o
v.                                0       Crim. No. CCB-07-064
                                  o       Civil No. CCB-12-2832
                                  o
UNITED STATES OF AMERICA,         o
     Respondent.                  o
```

MOTION FOR MODIFICATION OR REDUCTION OF
SENTENCE PURSUANT TO 18 U.S.C. 3582(c)(2)
GUIDELINE AMENDMENTS 750 AND 782

COMES NOW Barkley Gardner herein after known as Petitioner, (in pro se forma) respectfully submits this sentencing memorandum in support of his request for a sentence reduction consistent with the Sentencing Commission amendments and its retroactive application of Amendments 750 and 782. In addition, on July 18, 2014, the Commission voted to make Amendment 782 retroactively applicable to all those offenders currently serving time for federal drug offenses.

On August 7, 2008, Petitioner was found guilty of the Government's five (5) count indictment. Count one: Conspiracy to distribute and possess with intent to distribute a controlled substance; Aiding and abetting; 21 U.S.C. 846; 18 U.S.C. 2; Count two: Possession with intent to distribute and distribution of a controlled substance; 21 U.S.C. § 841(a)(1) and (b)(1)(A); Count three: Possession with intent to distribute and distribution of a controlled substance; 21 U.S.C. § 841(a)(1) and (b)(1)(A); 18:2; Count four: Possession with intent to distribute and distribution of a controlled substance; 21 U.S.C. § 841(a)(1) and (b)(1)(C); 18:2; Count five: Possession with intent to distribute and distribution of a controlled substance; 21 U.S.C. § 841(a)(1), (b)(1)(B), and (b)(1)(C).

Petitioner's Pre-Sentence Report established that Petitioner was held accountable for 121 grams of crack cocaine. Petitioner's offense level was 32

The District Court sentenced Petitioner to a mandatory life imprisonment on Counts One, Two, and Three and two 30-year sentences on Counts Four and Five.

Petitioner timely filed his Notice of Appeal to the Fourth Circuit. On January 26, 2011, the Judgment and Conviction was affirmed. In November 2012, the Petitioner filed his timely 2255 motion to vacate sentence, which is now pending before this Honorable Court.

4. It is well settled that pro se litigants generally are entitled to a liberal construction of their pleadings, which should be read "to raise the strongest arguments that they suggest". See, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) see generally Haines v. Kerner, 404 U.S. 519, 520-521 1972 (percuriam). Pro se complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claim] that they suggest". Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citation omitted).

5. Petitioner avers, with the protections afforded in Haines v. Kerner, and based on the weight estimates as established in the Pre-Sentence Report, he is entitled to relief afforded in 750 and 782 amendments and its retroactive application to modify the sentence originally imposed in the instant case. See Statement § 1B1.10 (Reduction in Term of Imprisonment), see also (Policy Statement), as promulgated by the Commission on June 30, 2011.

6. Amendments 750 reduced the ratio of 100-1 to 18-1 and 782 reduced by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties in § 2D1.1 and made parallel changes to § 2D1.11. In addition, public safety will be considered in every case because § 1B1.10 requires the court, in determining whether, and to what extent, a reduction in the defendant's term of

imprisonment is warranted, to consider the nature and seriousness of the danger to any person or the community that may be posed by such a reduction. See § 1B1.10 comment (n. 1(B)(ii)).

7. The District Court under its discretion should consider the following factors: one, in a case in which a defendant is serving imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guideline Manual listed in subsection (d) below, the Court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy. See Dillon v. U.S., 560 U.S. 817 (2010).

8. Also, the Court in determining whether, and to what extent, a reduction in a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this Policy Statement is warranted; the Court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. See Pepper v. U.S., 131 S.Ct. 1229 (2011); Rita v. U.S., 551 U.S. 338 (2007); Freeman v. U.S., 131 S.Ct. 2685, 2697-98 (2011).

9. On November 14, 2008, Ellerby was sentenced to mandatory life imprisonment as to counts one, two and three and 360 months on counts four and five to be served concurrently. The sentence was according to the mandatory statutory guideline range as calculated in the Pre-Sentence Investigation Report (hereinafter "PSR") prepared by the Probation Office. The PSR calculated the mandatory statutory guideline range of life imprisonment based on a total offense level of 37 and a criminal history category VI (see PSR). The total offense level included a base offense level of 32 based on 121 grams of crack cocaine.

10. Petitioner avers the Pre-Apprendi/Alleyne indictment did allege a specific drug quantity for counts two and three. Petitioner argues that it now takes 280 grams of crack cocaine in order for the Petitioner to receive a mandatory statutory

sentence of life imprisonment. Therefore, Petitioner prays that pursuant to 18 U.S.C. 3582(c)(2) Guideline Amendments 750 and 782 should be applied in this instant.

11. The District Court when applying Amendments 750 and 782 must also consider: 1) the factors set forth in 18 U.S.C. § 3553(a) in determining: (1) whether a reduction in the defendant's term of imprisonment is warranted; and (2) the extent of such reduction; B) the Court shall consider the nature and seriousness of the danger to any person or community; (1) whether such a reduction is warranted; and (2) the extent of such reduction; and (C) the Court may consider post-sentencing conduct (rehabilitation) of the defendant that occurred after imposition of the term of imprisonment in determining: (1) whether a reduction in the defendant's term of imprisonment is warranted; and (2) the extent of such reduction.

12. Petitioner avers he is eligible for a sentence reduction under Amendments 750 and 782. The new guideline range clearly affects the sentence. See also, Amendment 505

13. Petitioner's sentence should be circumscribed only to those facts found by the jury, not by the District Court. The indictment used against Petitioner was silent as to the amount of drugs and penalty in the conspiracy charged under 846 and the jury made no specific drug amount findings. As the Supreme Court recognized in Apprendi/Alleyne, the Constitution's procedural safeguards "designed to protect [a defendant] from unwarranted pains should apply equally to [all] acts that" a state has criminalized. 550 U.S. at 476.

14. Moreover, it is important that his claim now be considered on the merits. If he is right, he is serving a term of imprisonment not authorized by Congress. The crime for which he was convicted carries no punishment. See 21 U.S.C. § 846. There is no doubt that, in addition to highlighting the favored status of the jury rights and bedrock procedural limits on state police power, the language of these provisions should be read together to help chart the boundaries of the grand jury and procedural rights at issue in the instant case.

15. In Pepper, Justice Sotomayor explained that over the history of federal

sentencing reform, sentencing courts have been permitted to consider the widest possible breadth of information about a defendant. Also the Court recognized that although the SRA constrained the discretion of District Courts in various ways, the Court's cases since United States v. Booker made the formerly mandatory system effectively advisory.

16. Over the past years, the Supreme Court has given judges the power to impose sentences that are not greater than that necessary to satisfy the statutory purposes of sentencing, to consider all of the characteristics of the offender and circumstances of the offense, to reject advisory guidelines that are not based on national sentencing data and empirical research and to serve their function in the constructive evolution of responsible guidelines. See Kimbrough v. U.S., 128 S.Ct. 558 (2007). Therefore, a District Court could now consider evidence of post-sentencing rehabilitation to support a downward variance from the guidelines. See U.S. v. Gall, 128 S.Ct. at 597 (2007) (noting that in considering the latter, reviewing court must take into account the "totality of the circumstances"). See also, U.S. v. Martin, 520 F.3d 87, 92 (1st Cir. 2008).

17. In reference to the 3553(a) factors the Court in Rita, Supra. noted that... "the sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives, the one, at retail, the other at wholesale." Second, the Court discussed the process that the Commission used to initially promulgate and subsequently amend the guidelines, concluding that the guidelines "seek to embody the § 3553(a) consideration both in principle and in practice" and that they "reflect a rough approximation of sentences that might achieve § 3553(a)'s objective." Id. The Court really means it. Spears v. U.S., 129 S.Ct. 840 (Jan. 21, 2009); see also Nelson v. U.S., 129 S.Ct. 890 (Jan. 26, 2009).

18. The statute governing sentencing requires the District Court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes

set forth in paragraph (2)" of that provision. 18 U.S.C. § 3553(a) those purposes are:

> (2) The need for the sentence imposed—
> (A) To reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offense;
> (B) To afford adequate deterrence to criminal conduct;
> (C) To protect the public from further crimes of the defendant; and
> (D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2).

19. In fashioning a sentence that complies with the "overarching provision instructing District Courts to 'impose a sentence sufficient, but not greater than necessary,' to achieve the goals of sentencing," Kimbrough, Supra. at 570, the judge must consider numerous factors before handing down the sentence.

20. In order to reduce unwarranted federal sentencing disparities, the Sentencing Reform Act of 1984 authorizes the United States Sentencing Commission to create, and retroactively amend, Sentencing Guidelines to inform judicial discretion. Based on retroactive application, the statutory authority underlying it and the Supreme Court intervening decision in Freeman, and its progeny, Petitioner avers he is entitled to the relief as implemented by the Sentencing Commission.

21. The District Court may modify a defendant's term of imprisonment once it has been imposed when the United States Sentencing Commission makes an amendment to the Guidelines retroactive, and the amended guideline was part of the basis of the defendant's Guideline Range. The court may not modify a term of imprisonment once it has been imposed except that:

> (2) "...after considering the factors set forth in Title 18 U.S.C. § 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." See 18 U.S.C. § 3582(c)(2).

22. Henceforth, when revisiting Petitioner's sentence, the guidelines, their commentary, and the Commission's policy statements remain advisory. When sentencing (or, as here, effectively re-sentencing) a defendant, this Court "may not presume

only of the elements of the crime charged in the indictment." Id. at 2589).

27. Pristinely clear, another guiding post is the case of <u>Depierre v. U.S.</u>, 130 S.Ct. 2896 (2011). There the Supreme Justices established that a Section 3582 court must now read 21 U.S.C. § 841 with fresh eyes. Moreover, <u>Depierre</u> compels that the identity and quantity of cocaine base are offense elements as a matter of statutory interpretations and must be proven beyond a reasonable doubt in order to impose punishment under 841(b)'s offense. Further, these elements must be charged in the indictment and proven at trial, not at sentencing.

28. Today, the District Court must "filter the Guidelines' general advice through § 3553(a)'s list of factors" when the Guidelines' "rough approximation" conflicts with the Court's view of the sentence warranted by other § 3553(a), this Court may disregard the recommended Guideline and sentence in favor of one tailored to the circumstances of the particular defendant.

29. The judge has discretion to find that the Guidelines' "rough approximation" of an appropriate sentence would result in a sentence "greater than necessary," because the Court has the discretion to disagree with the Sentencing Commission's policy judgments—especially animating the drug quantity table set forth in USSG § 2D1.1.14.

30. A reviewing court should modify a defendant's sentence pursuant to § 3582(c)(2) if <u>inter alia</u>, the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). See, <u>U.S. v. Mateo</u>, 560 F.3d 152, 155 (3rd Cir. 2009) (quoting <u>U.S. v. Caraballo</u>, 552 F.3d 6, 10 (1st Cir. 2008). Thus, an amended Guideline must "have the effect of lowering the sentencing range actually used at sentencing" in order to give rise to a reduction under § 3582(c)(2). Id.

31. In the instant case, when Petitioner was sentenced, "the overall Guideline calculus" and the sentencing range actually used at sentencing" was automatically life. This sentencing range was the product of a total offense level of **3a** and a

criminal history category of VI. After Amendments 750 and 782 Petitioner's sentence would reduce significantly and this modification should allow the sentencing court to re-sentence accordingly.

Petitioner also motions this Court for appointment of counsel in the instant matter after a review of the aforementioned and in the interest of Justice. See attached financial affidavit for appointment of counsel.

Filed on the 30 day of March 2015.

Respectfully Submitted,

David B. Ellerby #42755-037
David Ellerby, pro-se
P.O. Box 1000
Lewisburg, Pa 17837

3/30/15
S. Hicks, Case Manager
Authorized by the Act of July 7, 1995,
as amended, to administer oaths (18 USC 4004)

# CERTIFICATE OF SERVICE

I, David G. Ellerby #42755-037, hereby certify that I have served a true and correct copy of the foregoing:

AUSA Ms. Sandra Wilkerson  
36 S. Charles Street  Fourth Floor  
Baltimore, Maryland 21201

Honorable Judge Catherine Blake  
101 West Lombard Street  
Baltimore, Maryland 21201

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. 3582 (c) (2)

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this __30__ day of __March 2015__.

Respectfully Submitted,

_3/30/15_  
S. Hicks, Case Manager  
Authorized by the Act of July 7, 1995,  
as amended, to administer oaths (18 USC 4004)

David G. Ellerby  
REG. NO. #42755-037

Inmate Name: David G. Ellenboy
Register Number: 42755-037
United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

LEGAL
MAIL

FILED _____ ENTERED
LODGED _____ RECEIVED
APR - 2 2015
BY _____
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
DEPUTY

Clerk of Court
United States Federal Courthouse
101 West Lombard Street
Baltimore, Maryland
21201

HARRISBURG PA 17
31 MAR 2015 PM 2 L